## HAYES and WIFE *vs.* WHITALL and others.

When an annuity is charged on real estate the rule is, that it does not commence until the devisee of such estate is entitled to the possession thereof.

This principle is applicable where a sum of money is charged on land in which the testator had only a reversion.

The lapse of twenty years without payment or allowance of principal or interest of a legacy will raise a presumption of payment, but such presumption may be overcome by evidence.

The wife's right of dower will be protected as against post nuptial mortgages not executed by her.

*Dudley* and *Attorney General*, for complainants.

*Harrison, Browning,* and *Carpenter,* for defendants.

THE CHANCELLOR. The annuities charged upon the real estate devised to Louis Whitall, by the will of his father, John G. Whitall, commence from the time that the devisee became twenty-one. By the terms of the will, the devisee is to possess the estate at twenty-one, subject to the annuities given to the widow, daughters, and brother of the testator. The rule in such cases is, that the annuity does not commence till the devisee has the estate charged with the annuity in possession. *Ager* v. *Pool,* *Dyer* 371 *b ; Turner* v. *Probyn,* 1 *Anstruther* 66.

Both Mr. Powell and Mr. Jarman deem the same principle applicable where a sum of money is charged on land in which the testator has only a reversion, and that the money is not to be raised until the reversion falls into possession. 2 *Powell on Dev.* 236 ; 1 *Jarman on Wills* 757.

That this construction is in accordance with the intent of the testator is very clear from the provisions of the will. During the minority of the devisee, and until his estate vests in possession, the executrix is to apply the rents of the farm to the payment of the annuity to the testator's brother. It is clear that that annuity could not be a charge upon the estate of the devisee. The residue of the income of the farm during the minority of the devisee is to be applied to the support of the testator's wife and children, *viz.* of the annuitants themselves and of the devisee upon whose estate the annuities are charged. The testator could not have intended that the estate devised to his infant son should be charged with the payment of annuities before he came to the possession of the estate, when he was without other means of paying them and dependent for his support during his minority upon a provision made by the will.

2. The annuity of $18, bequeathed to the daughters of the testator for five years after the death of Mark Whitall, is not a charge upon the estate devised. The admission in the answer of the devisee upon that subject cannot prejudice the rights of the encumbrancers. It is proper that the answer in this particular should be amended in accordance with the suggestion made upon the hearing.

The lapse of twenty years without payment or demand of principal or interest on account of the legacy will raise a presumption of payment. It is, however, but a presumption, and not conclusive. In *Ex'rs of Wanmaker* v. *Van Buskirk, Saxton* 693, the situation of the parties was held sufficient to repel the presumption of payment of a mortgage arising from the lapse of more than twenty years. In *Ravenscroft* v. *Frisby*, 1 *Collyer* 16, legacies

charged upon land were, under the circumstances, held to be payable notwithstanding the lapse of more than forty years from the testator's death to the filing of the bill. The first payment on account of the annuity of $50 fell due in December, 1836. The legacy of $300 was payable in May, 1837. The bill charges that, on the thirteenth of October, 1846, the complainant gave a receipt for $360 paid by the defendant, Louis Whitall, on account of the annuities and legacies claimed by the complainant. That $103 were paid on account subsequent to that time. Louis Whitall, by his answer, admits that all these payments were made on account of said annuities and legacies, and alleges that further payments were made, both before and after 1846, on account of said annuities and legacies.

There does not appear, from the evidence, to have been any specific appropriation of these payments, either by the party receiving or paying the money, or any ground upon which the court can appropriate the payment exclusively to the annuity to the exclusion of the legacy. They must be appropriated, as they are claimed by the bill, and admitted by the answer to have been intended to be, both to the annuity and the legacy of $300. There can, therefore, be no presumption of the payment of either on the ground of lapse of time without payment on account.

There can be no question in regard to the annuity to the widow of the testator, as that is acknowledged to have been paid, and the claim released up to the 25th of March, 1859.

From the great number of mortgages upon the estate, it will probably be found necessary to sell the entire estate to satisfy the encumbrances. If so, the land will be sold subject to the charge of the annuities hereafter to become payable. The proceeds of the sale will be appropriated to satisfy—first the arrears of the annuities and the legacies charged upon the land, and then the mortgage debts in the order of their priority. *Graves* v. *Hicks*, 11 *Simons* 551; 2 *Roper on Leg.* 1483.

Louis Whitall's wife is living. Her interest in the premises must be protected. She was married on the 23d of January, 1844. Three of the mortgages were executed prior to that date. The wife did not join in the mortgages executed after the marriage. Her dower right is subject to the encumbrance of the legacies and annuities charged upon the land and remaining unpaid, and also to the encumbrance of the first three mortgages. If the premises subject to her claim will bring enough to satisfy the prior encumbrances they should be so sold. If it is necessary to sell the land clear of the claim of the wife, in order to satisfy the prior encumbrances, the surplus must be brought into court in order that her interest may be properly secured.